Filed 10/9/14  P. v. Hipes CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C075873 |
| Plaintiff and Respondent, | (Super. Ct. No. CM039935) |
| v. | |
| CHARLES DEAN HIPES, JR., | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

## BACKGROUND

Law officers received a report that two sets of keys and a cell phone were stolen from a park bench. Defendant Charles Dean Hipes, Jr., who officers knew had been involved in a number of thefts, was nearby. Officers contacted him, conducted a probation search, and recovered the keys and cell phone. In addition, they found three hypodermic syringes in defendant's pants pockets.

A complaint charged defendant with receiving stolen property (Pen. Code, § 496, subd. (a)),[1] with an additional allegation that defendant had served two prior prison terms (§ 667.5, subd. (b)), and possession of an injection/ingestion device (Health & Saf. Code, § 11364.1, subd. (a)(1)).

Defendant pleaded no contest to receiving stolen property, with an agreed maximum sentence of three years. The remaining charges were dismissed. The trial court sentenced defendant to the upper term of three years and ordered defendant to pay a $280 restitution fund fine (§ 1202.4), a $30 conviction assessment (Gov. Code, § 70373), and a $40 court operations assessment (§ 1465.8). The court awarded defendant 141 days of presentence custody credits. The trial court denied defendant's request for a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *Wende, supra*, 25 Cal.3d 436, requesting the court to review the record and determine whether there are any arguable issues on appeal. Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. We have undertaken an

---

[1] Undesignated statutory references are to the Penal Code.

examination of the entire record pursuant to *Wende*, and we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

                                                        RAYE            , P. J.

We concur:

        BLEASE        , J.

        HULL          , J.

3